UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. CONYERS, JR.,

        Petitioner,

                                              CASE NO. 05-CV-60168-AA
v.                                           HON. JOHN CORBETT O'MEARA

SHERRIE L. BURT,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR BOND

      Petitioner James E. Conyers, Jr., has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. Petitioner was convicted of aggravated stalking in 2003 and sentenced to imprisonment for three years, four months to five years. His grounds for relief allege that (1) he was not permitted to fire his attorney, (2) the personal protection order did not state that violation of the order constituted a felony, (3) he should have been charged with a misdemeanor, not a felony, and (4) his sentence should have been zero to two months.

      Currently pending before the Court is Petitioner's motion for release on bond. Petitioner alleges that his conviction is likely to be overturned, that he is not a flight risk, and that he has less than a year to serve on his sentence.

> It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.

*Aronson v. May*, 85 S. Ct. 3, 5 (1964)(citations omitted). "Since a habeas petitioner is appealing

a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). As a practical matter, motions for bail are denied in most habeas proceedings, because there are few occasions when a petitioner can meet the standard established in *Aronson. Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Even assuming that Petitioner has alleged substantial questions of law, he has not shown that some exceptional circumstance makes his application deserving of special treatment. Accordingly, Petitioner's motion for bond [Doc. #2] is DENIED.

s/John Corbett O'Meara
John Corbett O'Meara
United States District Judge

Dated: August 2, 2005

2