UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES E. CONYERS, JR.,

        Petitioner,

                                CASE NO. 05-CV-40261-FL

v.                                 HONORABLE PAUL V. GADOLA

SHERRIE L. BURT,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING HABEAS PETITION

Petitioner James E. Conyers, Jr., has filed an application for the writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition on the ground that Petitioner has not exhausted state remedies for all his claims. The Court has determined that Petitioner's unexhausted claims are procedurally defaulted and that his exhausted claim lacks merit. Accordingly, the habeas petition will be dismissed with prejudice.

### I. Background

### A. State Court Proceedings

On March 14, 2003, Petitioner pleaded no contest to one count of aggravated stalking, Mich. Comp. Laws § 750.411i. Wayne County Circuit Judge Ulysses W. Boykin sentenced Petitioner to probation. Petitioner subsequently was charged with violating the terms of probation. On May 7, 2003, he pleaded no contest to the charge, and on May 20, 2003, Judge Boykin sentenced Petitioner to imprisonment for forty to sixty months.

Petitioner appealed his sentence through counsel, arguing that the trial court erred and

abused its discretion by not using the sentencing guidelines after revoking his term of probation and by exceeding the sentencing guidelines without articulating substantial and compelling reasons. While his appeal was pending in the Michigan Court of Appeals, Petitioner filed a *pro se* motion for relief from judgment. On April 14, 2004, the trial court denied Petitioner's motion. The Michigan Court of Appeals subsequently vacated Petitioner's sentence and remanded Petitioner's case to the trial court for re-sentencing. *See People v. Conyers*, No. 253955 (Mich. Ct. App. June 10, 2004). On remand, the trial court once again sentenced Petitioner to imprisonment for forty to sixty months.

Petitioner then filed a delayed application for leave to appeal in which he reiterated the claim that he had presented to the Michigan Court of Appeals. He also alleged that the aggravated stalking conviction should be reduced to aggravated harassment because he did not threaten the victim with violence and because the restraining order did not state that a violation of the order constituted a felony punishable by imprisonment. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented to it. *See People v. Conyers*, No. 259416 (Mich. Ct. App. Mar. 15, 2005).

In a subsequent application for leave to appeal in the Michigan Supreme Court, Petitioner alleged that: (1) the trial court erred and abused its discretion by not sentencing him within the statutory guidelines after revoking probation, (2) he (Petitioner) was not aware of the sentencing guidelines before he accepted a plea agreement of five years probation, (3) he was not allowed to fire his trial attorney, (4) it is unconstitutional to ask someone to relocate to a different state because of probation, (5) he committed the crime of aggravated harassment, not aggravated stalking, (6) all no-contact/restraining orders should state the sentence for violating the order,

and (7) the rule about not being able to fire your attorney should be abolished. On July 1, 2005, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Conyers,* 472 Mich. 940; 699 N.W.2d 301 (2005) (table).

### B. Federal Court Proceedings

On March 30, 2004, while Petitioner's appeal was pending in the Michigan Court of Appeals, Petitioner filed his first habeas corpus petition in this District. He alleged that (1) he was not permitted to fire his attorney and was not informed of the sentencing guidelines, (2) the correspondence that violated the no-contact order was not read in court, (3) the no-contact/personal protection order did not state the sentence for violation of the order, and (4) the sentence of three to five years exceeded the sentencing guidelines and violated *People v. Milbourne*. This Court dismissed the habeas petition without prejudice for failure to exhaust state remedies. *See Conyers v. LaVigne*, No. 04-40093 (E.D. Mich. Mar. 9, 2005).

Petitioner filed the pending habeas corpus petition after the Michigan Court of Appeals and the Michigan Supreme Court issued orders in his case. His grounds for relief are that (1) he was not permitted to fire his attorney, (2) the personal protection order did not state that violation of the order constituted a felony, (3) he committed aggravated harassment, a misdemeanor, not aggravated stalking, which is a felony, and (4) his sentence violated *People v. Milbourne* and *People v. Babcock*.

Respondent argues in her motion to dismiss the habeas petition that Petitioner did not exhaust state remedies for all these claims. More specifically, Respondent maintains that Petitioner did not raise his first claim in the Michigan Court of Appeals.

3

## II. Discussion

This Court explained in its order dismissing Petitioner's first habeas petition that state prisoners must "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2002). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review in the state's supreme court. *O'Sullivan*, 526 U.S. at 845. For Michigan prisoners, this means that they must present each claim to the Michigan Court of Appeals and to the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002) (citing *Dombkowski v. Johnson*, 488 F.2d 68, 70 (6th Cir. 1973)).

The only pending claim that Petitioner presented to both the Michigan Court of Appeals and the Michigan Supreme Court is his third claim that he should have been charged with aggravated harassment instead of aggravated stalking. Thus, the habeas petition is a mixed petition of one exhausted claim and three unexhausted claims.

### A. Petitioner's Unexhausted Claims

Ordinarily, and absent unusual or exceptional circumstances, courts must dismiss mixed petitions in their entirety. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996). However, because 28 U.S.C. § 2254(b) refers "to remedies still available at the time of the federal petition," *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982), the exhaustion requirement "is satisfied 'if it is clear that [the habeas petitioner's] claims are now procedurally barred under [state] law.'" *Gray v. Netherland*, 518 U.S. 152, 161 (1996) (quoting

4

*Castille v. Peoples*, 489 U.S. 346, 351 (1989)). "[P]rocedural default may prevent [a habeas petitioner] from raising his claim in federal court even if exhaustion does not technically bar the claim." *Broom v. Mitchell*, __ F.3d __, __, No. 03-4370, 2006 WL 664438, at *4 (6th Cir. Mar. 17, 2006). In other words,

> [w]hen a habeas petitioner fails to obtain consideration of a claim by a state court either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review.

*Seymour v. Walker,* 224 F.3d 542, 549-50 (6th Cir. 2000).

The exclusive means for challenging Michigan convictions after a defendant has had an appeal by right or by leave is to file a motion for relief from judgment. Defendants are permitted to file only one motion for relief from judgment unless the motion is based on a retroactive change in the law or on a claim of new evidence. Mich. Ct. R. 6.502(G).

The trial court's docket reveals that Petitioner has already filed one motion for relief from judgment. Because Petitioner is not alleging a retroactive change in the law or newly discovered evidence, he is barred from filing another motion for relief from judgment in state court. Mich. Ct. R. 6.502(G). He lacks an available state remedy to exhaust. Therefore, his unexhausted claims must be deemed exhausted, but procedurally defaulted. *Gray v. Netherland*, 518 U.S. at 161; *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Federal courts may consider a procedurally defaulted claim only if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner has failed

to advance any argument in support of a finding of cause and prejudice.  Therefore, the argument must be deemed abandoned.  *Roberts v. Carter*, 337 F.3d 609, 613 (6th Cir. 2003) (citing *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000)), *cert. denied*, 540 U.S. 1151 (2004).

"[E]ven without a demonstration of cause and prejudice, a federal habeas petitioner may obtain review of defaulted claims by showing the failure to conduct such review will result in a 'fundamental miscarriage of justice.'"  *Gulertekin v. Tinnelman-Cooper*, 340 F.3d 415, 426 (6th Cir. 2003).  The exception for miscarriages of justice requires demonstrating that the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense.  *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  To establish the requisite probability, the petitioner must show it is more likely than not that no reasonable factfinder would have convicted him in light of new evidence.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

Petitioner has not supported his claims with any new and reliable evidence of actual innocence.  Therefore, a miscarriage of justice will not occur as a result of the Court's failure to adjudicate the substantive merits of Petitioner's first, second, and fourth claims.

### B.  Petitioner's Exhausted Third Claim

Petitioner's only exhausted claim is his third claim, which alleges that he should have been charged with aggravated harassment, a one-year misdemeanor, not aggravated stalking, a five-year felony.  In support this claim, Petitioner asserts that his correspondence with the victim did not contain threats of violence.  The Michigan Court of Appeals denied leave to appeal this claim "for lack of merit in the grounds presented."  The Michigan Supreme Court likewise declined to grant leave to appeal the issue.

The United States Supreme Court has stated that,

> so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, "the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation" so long as "the selection was [not] deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification."

*Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (alteration in original) (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)).

Petitioner has not shown that the prosecutor's decision to charge him with aggravated stalking was based on an unjustifiable and arbitrary standard or on an improper motive. Therefore, the state court's conclusion that Petitioner's claim lacked merit did not result in an unreasonable determination of the facts. Nor was the state court's decision contrary to, or an unreasonable application of, Supreme Court precedent. Petitioner has no right to habeas relief on the basis of his third claim. 28 U.S.C. § 2254(d).

### III.  Conclusion

Petitioner's first, second, and fourth claims are procedurally defaulted, and his third claim lacks merit. Accordingly,

**IT IS ORDERED AND ADJUDGED** that Petitioner's motion for a decision [Doc. #26, Mar. 6, 2006] is **GRANTED**, and his application for the writ of habeas corpus [Doc. #1, July 18, 2005] is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that, if Petitioner desires to seek a certificate of appealability ("COA"), he may file a **MOTION** for a COA with this Court within **THIRTY (30)**

**DAYS** of filing a notice of appeal and shall support this motion with an appropriate brief, both of which shall comply with the Local Rules of this Court.  *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (**"We do encourage petitioners as a matter of prudence to move for a COA at their earliest opportunity so that they can exercise their right to explain their argument for issuance of a COA."** (emphasis added).  Respondent may file a response with an appropriate brief, both of which shall comply with the Local Rules, within **TWENTY (20) DAYS** of service of Petitioner's motion for a COA.

                                                        s/Paul V. Gadola
                                                        PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE
Dated: March 29, 2006

---

Certificate of Service

I hereby certify that on    March 30, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
                      Laura A. Cook                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:           James Conyers, Jr.                          .

                                                        s/Ruth A. Brissaud
                                                        Ruth A. Brissaud, Case Manager
                                                        (810) 341-7845